Patricia A. Matias CA Bar No. 254125
patricia.matias@ogletree.com
Mark F. Lovell CA Bar No. 246652
mark.lovell@ogletree.com
Graham M. Hoerauf CA Bar No. 307649
graham.hoerauf@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Park Tower, Fifteenth Floor
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant
Circle K Stores, Inc.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN SWAYZER, on behalf of herself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CIRCLE K STORES, INC., a Texas corporation; and DOES 1 to 25, inclusive,<br><br>　　　　　Defendants. | Case No.<br><br>**DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453**<br><br>**[CAFA]**<br><br>[*Filed Concurrently with Certificate of Interested Parties; Civil Cover Sheet; Corporate Disclosure Statement; Declaration of Graham M. Hoerauf; Declaration of Ginger Brown; Declaration of Cynthia Enriquez Hernandez; and Notice of Related Cases*]<br><br>Complaint Filed: June 18, 2018<br>FAC Filed:　　　July 31, 2018<br>Trial Date:　　　None Set<br>District Judge:　Hon. TBD |

35448360_1.docx

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Circle K Stores, Inc., a Texas corporation ("Defendant" or "Circle K"), hereby removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California under to the Class Action Fairness Act ("CAFA"), pursuant to 28 U.S.C. §§ 1332(d), 1446 and 1453, on the grounds that: (1) Plaintiff Robin Swayzer ("Plaintiff" or "Swayzer") is a "citizen of a State different from" Defendant; (2) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs;" and (3) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100.

I.   THE STATE COURT ACTION

1.   On or about June 18, 2018, Plaintiff commenced a class action against Circle K in the Superior Court of the State of California in and for the County of Sacramento, entitled *Robin Swayzer v. Circle K Stores, Inc.*, Case No.34-2018-00234999 (the "Complaint").

2.   On or about July 31, 2018, Plaintiff filed a First Amended Complaint (the "FAC".)

3.   On August 3, 2018, Plaintiff served Circle K's agent for service of process with the FAC. A true and correct copy of the documents Plaintiff served on Circle K is attached to the Declaration of Cynthia Enriquez-Herrera ("Enriquez-Herrera Decl.") as "**Exhibit A**."

4.   On August 10, 2018, Plaintiff served Circle K's agent for service of process with the original Complaint, Summons, Civil Case Cover Sheet, Program Case Notice – Unlimited Civil Case, Sacramento County Superior Court Alternative Dispute Resolution Information Package, and a blank "Stipulation and Order to Mediation – Unlimited Civil." A true and correct copy of the documents Plaintiff

35448360_1.docx

1

Case No. TBD

DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453

served on Circle K is attached to the Declaration of Cynthia Enriquez-Herrera ("Enriquez-Herrera Decl.") as "**Exhibit B**."

5. On September 4, 2018, Circle K filed its Answer to Plaintiff's FAC, a true and correct copy of which is attached to the Declaration of Graham M. Hoerauf ("Hoerauf Decl.") as "**Exhibit C.**"

6. Plaintiff defines the class as "current or former California employees of Defendants who during the period commencing on the date that is within four year prior to the filing of this Complaint and through the time this action proceeds to final judgment or settles worked at Circle K as non-exempt hourly-paid Customer Service Representatives, including any of Defendants' job position with similar duties and/or job titles." (FAC, ¶ 12.)

7. Plaintiff alleges the following causes of action in her FAC against Defendant on behalf of herself and the putative class: (1) Failure to Provide Meal Periods; (2) Failure to Authorize and Permit Rest Periods; (3) Failure to Comply with Itemized Employee Wage Statement Provisions; (4) Unlawful Business Practices; and (5) Violation of California's Private Attorneys General Act ("PAGA").

## II. REMOVAL IS PROPER

8. The court has original jurisdiction over this action pursuant to CAFA. As such, this action may be removed to this court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

## III. REMOVAL IS TIMELY

9. 28 U.S.C. § 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based…"

10. Plaintiff served Circle K's agent for service of process with the First Amended Complaint on August 3, 2018. *See* Enriquez-Herrera Decl., ¶ 3, **Exhibit A**.

35448360_1.docx

2                                                                                              Case No. TBD
DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453

11. September 3, 2018 is a federally recognized holiday. Accordingly, Circle K's deadline to remove this action is September 4, 2018.

12. Therefore, because Circle K removed this action within the statutorily permitted time period for doing so, removal is timely.

## IV. GROUNDS FOR REMOVAL

13. The court has original jurisdiction over this action pursuant to CAFA, and this action may be removed to this court by Defendant pursuant to 28 U.S.C. §§ 1441, 1446 and 1453.

14. Under CAFA, the federal district court has jurisdiction if:

   a) There are at least 100 class members in all proposed plaintiff classes; and

   b) The combined claims of all class members exceed $5 million exclusive of interest and costs; and

   c) Any class member (named or not) is a citizen of a different state than any defendant. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B) and 1453(a).

### A. The Diversity Of Citizenship Requirement Is Satisfied

15. **Plaintiff is a Citizen of California.** A person is a "citizen" of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he resides with the intention to remain or to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff currently works for Circle K and has been employed by Circle K since approximately May 13, 2015. (Declaration of Ginger Brown ("Brown Decl."), ¶ 2.) Throughout her employment with Circle K, Plaintiff has been assigned to Circle K's Twentynine Palms, California location. (*Id*.) Also throughout her employment with Circle K, Plaintiff maintained a residential address in Twentynine Palms, California. (*Id*.) Moreover, Plaintiff alleges that she was a resident of California. (FAC, ¶ 5.) Therefore, according to Plaintiff's own allegations, she resided in California at the time the action was commenced and intended to remain there. As

35448360_1.docx

3   Case No. TBD
DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453

such, Plaintiff is and, at all times since the commencement of this action has been, a resident and citizen of California.

16. **Defendant Circle K Store, Inc. is a Citizen of Texas and Arizona**. At the time of the filing of this actions, Circle K was and still is organized as a Texas corporation with its principal place of business in Tempe, Arizona. (Brown Decl., ¶ 3.) Plaintiff alleges that Circle K "was and is a Texas corporation, headquartered in Tempe, Arizona, and doing business in California." (FAC, ¶ 6.)

17. Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93.  The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; see also *Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions.)

18. Circle K's executive officers maintain their offices at Circle K's headquarters in Arizona where they direct, control and coordinate the corporation's activities.  (Enriquez Hernandez Decl., ¶ 7.)  These high-level corporate officers located in Arizona are responsible for the direction, control and coordination of the activities covered by their respective offices.  (*Id.*)

19. Thus, for diversity purposes, Circle K is a citizen of Texas, its state of incorporation, and Arizona, its principal place of business.

20. **The Citizenship of "Doe Defendants" Must Be Disregarded**. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

21. The minimal diversity requirement of 28 U.S.C. § 1332(d) is met in this action because the citizenship of at least one putative class member is diverse from the citizenship of at least one defendant. 28 U.S.C. § 1332(d)(2)(A). Plaintiff, a putative class member, is a citizen of California. (Brown Decl., ¶ 2; FAC, ¶ 5.) Defendant is a citizen of Texas and Arizona. (Enriquez Hernandez Decl., ¶ 3-5.) The citizenship of "Doe" defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1). Therefore, the requisite minimal diversity exists between the parties.

### B.   There Are At Least 100 Class Members in the Proposed Class

22. Plaintiff purports to bring this action on behalf of all "current or former California employees of Defendants who during the period commencing on the date that is within four year prior to the filing of this Complaint and through the time this action proceeds to final judgment or settles worked at Circle K as non-exempt hourly-paid Customer Service Representatives, including any of Defendants' job position with similar duties and/or job titles." (FAC, ¶ 13.)

23. Defendant reserves its right to challenge Plaintiff's class definition as an improper fail-safe class. *See Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 825 (7th Cir. 2012); *Randleman v. Fidelity Nat'l Title Ins. Co.*, 646 F.3d 347, 352 (6th Cir. 2011); *Kamar v. RadioShack Corp.*, 375 Fed.Appx. 734, 736 (9th Cir. 2010). Defendant denies Plaintiff's claims and make no admission by way of this removal.

24. Based on the putative class defined as all of Circle K's current and former non-exempt hourly-paid Customer Service Representatives in California, since June 18, 2014, 6,539 individuals fall within the putative class. (Brown Decl., ¶ 3).

35448360_1.docx

5                                    Case No. TBD
DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF
CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453

## V. THE REQUISITE $5 MILLION AMOUNT IN CONTROVERSEY IS SATISFIED[1]

Based on the allegations in the FAC, the alleged amount in controversy exceeds, in the aggregate, $5 million, as demonstrated below.

### A. Unpaid Meal and Rest Premiums

25. Plaintiff alleges that "[d]uring the Class Period, Plaintiff and Class Members were **never** able to take a meal break, because the employer did not relieve Plaintiff and Class members of their duties by providing a relief employee to take over their duties." (FAC, ¶ 27.) (emphasis added). The Plaintiff further alleges "[a]t all times relevant hereto, Plaintiff and other members of the Class have worked more than five hours in a workday. At all times relevant hereto, Defendant have failed to provide meal periods as required by Labor Code sections 226.7 and 512." (FAC, ¶ 30.)

26. Plaintiff also alleges that "[d]uring the Class Period, Plaintiff and Class Members have **regularly** worked without **any** rest periods that are required by California Labor Code section 226.7 and the applicable Wage Orders." (FAC, ¶ 33.)

27. Under California law, employees who are denied the opportunity to take proper meal and rest periods are entitled to one hour of premium pay for each day that a meal period is missed and one hour of premium pay for each day that a rest period is missed, *i.e.,* two hours of premium pay for each day that both a meal and rest period are missed. *See Marlo v. United Parcel Service, Inc.*, 2009 WL 1258491, *7 (C.D. Cal. 2009). As a matter of law, meal and rest period claims are properly considered in determining the amount in controversy. *See, e.g., Muniz v. Pilot Travel Ctr. LLC*, 2007 WL 1302504, *4 (E.D. Cal. 2007); *Helm v. Alderwoods Group, Inc.*, 2008 WL 2002511, *8 (N.D. Cal. 2008).

---

[1] In alleging the amount in controversy for purposes of CAFA removal, Defendant does not concede in any way that the allegations in the FAC are accurate, or that Plaintiff is entitled to any of the monetary relief requested in the FAC. Nor does Defendant concede that any or all of the putative class members are entitled to any recovery in this case, or are appropriately included in the putative class.

28. Plaintiff also alleges that the failure to provide meal and rest periods constitutes unfair competition within the meaning of Business and Professions Code Section 17200. (FAC, ¶ 44.) The statute of limitations for such a claim is four years. Cal. Bus. & Prof. Code § 17208. Accordingly, the measure of potential damages for meal and rest break claims is based on a four-year limitations period.

29. When performing an analysis of the amount in controversy where, as here, a plaintiff alleges a **regular**, consistent, or routine policy or practice of violations, it is reasonable to assign a 100 % violation rate. *See Stevenson v. Dollar Tree Stores, Inc.*, 2011 WL 4928753, *3-4 (E.D. Cal. 2011) (defendant's calculation of potential missed meal period damages at 100% of the shifts was appropriate where plaintiff alleged that class members were routinely denied meal periods or were not compensated for meal periods.) Here, Plaintiff has alleged she and other class members were "*never*" able to take a meal period and "*regularly*" denied rest periods. (FAC, ¶ 26, 33.)

30. Although Defendant would be well within its right to apply a 100% violation rate, Defendant will apply a violation rate of only <u>one</u> violation per week to each claim. Numerous courts have held that this conservative estimate is proper. *See Campbell v. Vitran Exp., Inc.,* 471 Fed. Appx. 646, 649 (9th Cir. 2012) (finding an assumption that "each claimant missed at least one rest break and one meal break per week" was adequately supported by the complaint where the complaint alleged that defendant "**regularly** and consistently failed to provide uninterrupted meal and rest periods") (emphasis added)*; Byrd v. Masonite Corp.,* 2016 WL 2593912, *5 (C.D. Cal. May 5, 2016) (allegations of a systematic practice supports the "assumption that each class member missed one meal period and one rest period per week"); *Garza v. Brinderson Constructors, Inc.,* 178 F.Supp.3d 906, 911 (N.D. Cal. 2016) (assumption of one meal and one rest violation per week reasonable where the complaint alleged that plaintiff "**regularly**" missed meal breaks) (emphasis added); *Arreola v. Finish Line,* 2014 WL 6982571, at *4 (N.D. Cal. Dec. 9, 2014) (finding that pleading

"**regular** or **consistent practice**" supports assumption that every class member "experienced at least one violation once per week") (emphasis added).

31.   Circle K denies that it failed to provide proper meal or rest breaks to the putative class members.  However, Defendant is able to determine the number of workweeks that the putative class members worked during the class period.

32.   The putative class members worked approximately 225,336 workweeks during the class period. (Brown Decl., ¶ 4.)

33.   The average hourly rate for all putative class members during the class period is $10.52, rounded up to the nearest cent. (Brown Decl., ¶ 5.)

34.   Taking the more conservative estimate (*i.e.*, not a 100% violation rate), assuming that the putative class members only did not receive one meal period each workweek, the amount placed in controversy by virtue of the meal period claim is approximately **$2,370,534.72**: $10.52 [average hourly rate during class period] x 225,336 [number of workweeks during the class period] x 1 [violation per workweek].

35.   For rest periods, again taking the more conservative estimate (*i.e.*, not a 100% violation rate), assuming that the putative class members only did not receive one rest period each workweek, the amount placed in controversy by virtue of the rest period claim is no less than **$2,370,534.72**: $10.52 [average hourly rate during class period] x 225,336 [number of workweeks during the class period] x 1 [violation per workweek].

36.   Therefore, based on Plaintiff's allegations, the amount placed in controversy by virtue of her meal and rest break claims is in excess of **$4,741,069.44**.

### B.   Wage Statements

37.   California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information.  Plaintiff alleges that Defendant "knowingly failed in the affirmative obligation to keep accurate records regarding the meal and rest premium wages owed to the employees, and therefore failed to properly accurately

itemize the gross and net wages earned by Plaintiff, and the other members of the Class, at their effective rate of pay." (FAC, ¶ 39.)

38. California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual. The applicable statute of limitations is one year. Cal. Code Civ. Proc. § 340(a).

39. Circle K has issued more than 63,913 wage statements to putative class members during the applicable one-year statute of limitations. (Brown Decl., ¶ 6.) Applying the initial violation rate of $50 penalty per wage statement, the total amount in controversy for alleged wage statement violations is **$3,195,650.**

### C. Attorneys' Fees

40. Plaintiff seeks attorneys' fees on behalf of the putative class. (Complaint, ¶ 31, 36; Prayer for Relief, ¶¶ i, m, r.) Attorneys' fees are properly included in the amount in controversy. *See, Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (statutorily-mandated attorneys' fees are properly included in the amount in controversy for CAFA jurisdiction purposes).

41. In class action litigation, courts routinely grant attorneys' fees awards that range from 25% to 33% of the settlement or verdict amount. *See, e.g., Hanlon v. Center for Auto Safety*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees"); *In re Activision Securities Litigation*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (awarding 30% attorneys' fee award and compiling cases where range of attorneys' fee award ranged between 25% and more than 40%). Accordingly, including attorneys' fees of 25% is reasonable when calculating the amount in controversy. *See, e.g., Giannini v. Northwestern Mut. Life Ins. Co.*, 2012 WL 1535196, at *4 (N.D. Cal. 2012) (holding that defendant's inclusion of attorneys' fees to satisfy amount in controversy was reasonable where defendant's "base this amount by multiplying by twenty-five percent

the sum of the amounts placed in controversy by the four claims" asserted by plaintiff.); *Jasso v. Money Mart Express, Inc.*, 2012 WL 699465, at *6-7 (N.D. Cal. 2012) (holding that "it was not unreasonable for [Defendant] to rely on" an "assumption about the attorneys' fees recovery as a percentage of the total amount in controversy" and noting that "it is well established that the Ninth Circuit 'has established 25% of the common fund as a benchmark award for attorney fees.'")

## VI. SUMMARY OF AMOUNT IN CONTROVERSEY

42. In light of the foregoing, Plaintiff's allegations establish an amount in controversy well in excess of the jurisdictional minimum of $5 million for purposes of removal under CAFA.[2]

43. The absolute minimum amount in controversy is summarized as follows:

| **Damages** | **Amount** |
|---|---|
| Failure to provide meal and rest breaks | $4,741,069 |
| Wage statements | $3,195,650 |
| Attorneys' Fees (25%) | $1,984,179 |
| **Total:** | **$9,920,898** |

## VII. PROCEDURAL REQUIREMENT OF 28 U.S.C. § 1446 ARE SATISFIED

44. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending. The Sacramento County Superior Court is located within the Eastern District of California. Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

---

[2] Plaintiff also seeks restitution of wages under her claim for violation of Business & Professions Code section 17200, and seeks numerous civil penalties on a representative basis under PAGA for underlying Labor Code violations. (*See* FAC, ¶¶ 43-56.) Although including these amounts would increase substantially the amount in controversy, in an effort to be conservative, Circle K will omit these amounts from its estimate.

45.   In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits to this Notice.

46.   In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon counsel for Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Sacramento.  Notice of Compliance shall be filed promptly afterwards with this court.

47.   As required by Federal Rule of Civil Procedure 7.1, Defendant concurrently filed its Certificate of Interested Parties.

## VIII.  **CONCLUSION**

48.   For the foregoing reasons, Defendant hereby removes the above-entitled actions to the United States District Court for the Eastern District of California.

DATED: September 4, 2018           OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


By:  /s/ Graham M. Hoerauf
    Patricia A. Matias
    Mark F. Lovell
    Graham M. Hoerauf
    Attorneys for Defendant
    Circle K Stores, Inc.

35448360_1.docx

11                                            Case No. TBD
DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1446, AND 1453

# PROOF OF SERVICE
*Robin Swayzer v. Circle K Stores, Inc., et al.*
Case No. TBD

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is 695 Town Center Drive, Suite 1500, Costa Mesa, CA 92626.

On September 4, 2018, I served the following document(s):

**DEFENDANT CIRCLE K. STORES, INC.'S PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as follows:

☒ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒ **BY CM/ECF:** With the Clerk of the United States District Court of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)**   I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

☐ **(Federal)**   I declare that I am a **member** of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on September 4, 2018, at Costa Mesa, California.

*/s/ Juana Fuentes*
Juana Fuentes

35448360_1.docx

# SERVICE LIST

| | |
|---|---|
| David R. Markham, Esq.<br>Maggie K. Realin, Esq.<br>Michael J. Morphew, Esq.<br>THE MARKHAM LAW FIRM<br>750 B Street, Suite 1950<br>San Diego, CA 92101<br>Tel:   619.399.3995<br>Fax:   619.615.2067<br>dmarkham@markham-law.com<br>mrealin@markham-law.com<br>mmorphew@markham-law.com | Attorneys for Plaintiff ROBIN SWAYZER and all others similarly situated |
| Walter F. Haines, Esq.<br>UNITED EMPLOYEES LAW GROUP<br>5500 Bolsa Avenue, Suite 201<br>Huntington Beach, CA 92649<br>Tel:   310.234.5678<br>Fax:   310.652.2242<br>walterhaines@yahoo.com | Attorneys for Plaintiff ROBIN SWAYZER and all others similarly situated |

35448360.1